*198
By the 'Court,

Bronson, J.
The inhabitants residing within a specified district are created a corporation, by the name of “ the village of Geneva.” (Stat. 1837, p. 361, § 1.) The 2d section is as follows: “ The officers of the corporation shall consist of five trustees, three assessors, one clerk, one treasurer and one constable, to be elected by the people of the corporation qualified to vote at the annual state elections; one police justice, to be appointed by the governor and senate; and the trustees shall appoint one attorney, one street commissioner, three fire wardens, two wood inspectors, one pound master, one swine driver, and such other officers as shall be authorized by this act.” A collector is not mentioned in this section, and none of the subsequent sections provide, in terms, for the election or appointment of such an officer. Still it is quite evident that the legislature intended there should be a collector. By the 6th section all officers, “ excepting the treasurer and collector,” are subjected to a penalty for refusing to serve. The collector is to give bond for the faithful performance of the duties of his office. (§ 7.) “ The collector shall collect all moneys which shall be ordered by the corporation to be raised by tax.” (§ 14.) And he is also to collect all assessments for paving and • repairing streets. (§ 30, sub. 5, and § 37.) The 2d section evidently contemplates that there were to be officers other than those named in it. After specifying particular officers, it is added, “ and such other officers as shall be authorized by this act.” The subsequent sections provide for a collector, and it cannot be doubted that there may be such an officer in the village of Geneva. See also, Slat. 1840, p. 63, § 1, which gives the same powers to “ the collector of taxes of the village of Geneva,” as are possessed by the town collectors.
The next question is, how shall the office be filled? If that has not been provided for by the act, I agree with the defendant’s counsel, that the power of election or appointment, if it can be exercised at all, is in the corporation; and not in the trustees, who are a select body. The collector must in that case be elected by the inhabitants who consti *199 tute'the corporation, at the annual election provided for by the third section.(a) But I think the second section covers the case. After providing for the election and appointment of particular officers, it is added—“and the trustees, shall appoint one attorney, &c. and such other officers as shall be authorized by this act.” If we are not mistaken in saying that a collector is “ authorized by the act,” it seems to be quite clear that he may be appointed by the trustees. The case is within the letter, and so far as I can discover within the spirit of the statute.
It was suggested that this is a casus omissus—that the legislature intended to provide for a collector in the first branch of the second section, among the officers who are to be elected. But that is more than we can see on reading the statute. The provision is a sensible one as it stands, and we must take it as we find it.
The last objection is, that the defendant is not a “ public officer” or “ person holding any public trust or employment,” within the meaning of the statute under which the indictment was found. (2 R. S. 696, § 38.) The village of Geneva is a public corporation, exercising certain powers of government within a limited district. The officers of the corporation are charged with the performance of public, duties; and they are none the less public officers because their powers are confined within narrow territorial limits. The collector is required to take the oath of office prescribed by the sixth article of the constitution for “all officers, executive and judicial,” and is to give bail for the faithful performance of his duties. (§ 6, 7.) There can be no doubt that he is a “ public officer” within the meaning of the statute under which he has been indicted.
We are referred to 1 R. S. 95, Tit. I, which contains an enumeration and classification of public officers; but the defendant is none the less, a public officer because the office *200 of collector of the village of Geneva is not mentioned in that catalogue.
The proceedings must be remitted to the oyer and terminer, with directions to proceed and render judgment-.
Ordered accordingly.

 Wilcock on Municip. Corp. 201; 1 Roll. Abr. 513; Philips v. Bury, Ca. Pari. 45.